UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------

CARL S. BRUNDIGE,

        Appellant,

    -v-                         1:15-CV-1365

EVERBANK,

        Appellee.

--------------------------------

APPEARANCES:                             OF COUNSEL:

OFFICE OF SANDRA POLAND DEMARS      SANDRA S. POLAND DEMARS, ESQ.
Attorneys for Appellant
525 Union Street
Schenectady, NY 12305

EHRLICH, ARCODIA LAW FIRM            MARC S. EHRLICH, ESQ.
Attorneys for Appellee
64 Second Street
Troy, NY 12180

STEIN, WIENER LAW FIRM                PRANALI DATTA, ESQ.
Attorneys for Appellee
1 Old Country Road, Suite 113
Carle Place, NY 11514

MCELROY, DEUTSCH LAW FIRM          NICOLE A. LEONARD, ESQ.
Attorneys for Appellee
88 Pine Street, 24th Floor
New York, NY 10005

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

Appellant Carl S. Brundige ("Brundige" or "appellant") appeals from a pair of orders issued by United States Bankruptcy Judge Robert E. Littlefield, Jr. on November 6, 2015. The orders at issue in this appeal resolved cross-motions for summary judgment in an adversary proceeding by concluding that appellee Everbank ("Everbank" or "appellee") has the right to foreclose on appellant's property. The appeal has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND[1]

On May 27, 2005, Brundige financed the purchase of property located at 372 Piser Hill Road in Melrose, New York by executing a $103,000 promissory note (the "Note") in favor of Advanced Financial Services, Inc. ("AFS"). The value of the Note was secured by a mortgage against the property that named MERS as nominee for AFS.[2]

Thereafter, AFS endorsed the Note to Countrywide Document Custody Services, who in turn endorsed it to Countrywide Home Loans, Inc. ("Countrywide"). Countrywide then endorsed the Note in blank before changing its name to BAC Home Loans Servicing, L.P., an entity that later merged into Bank of America, N.A. ("BANA").

---

[1] Designation of the record in a bankruptcy appeal is governed by Federal Rule of Bankruptcy Procedure 8009, which sets forth how the parties should identify and submit items for purposes of appeal. For some reason, the docket in this appeal includes four different submissions of varying length that each purport to be the so-called Record on Appeal. Accordingly, the recitation of facts included in this decision is drawn from an independent review of all of these various submissions. For simplicity's sake, however, citations to "R." refer to the Record on Appeal found at ECF No. 2.

[2] MERS is "an electronic mortgage registration system and clearinghouse that tracks beneficial ownership interests in, and servicing rights to, mortgage loans." Reinhart v. Citimortgage, Inc., 2016 WL 1259413, at *1 n.1 (N.D.N.Y. Mar. 30, 2016) (quoting In re: Mortg. Elec. Registration Sys. (MERS) Litig., 659 F. Supp. 2d 1368, 1370 (U.S. Jud. Pan. Mult. Lit. 2009)).

On April 1, 2011, Brundige defaulted on the Note. That fall, MERS assigned the mortgage to BANA and both the Note and mortgage were then transferred to BANA's legal counsel in preparation for a foreclosure action that was later commenced in New York Supreme Court, Rennselaer County, on December 18, 2012. During the pendency of that foreclosure action, BANA transferred the Note and mortgage to Everbank and its servicer.

On April 15, 2014, Brundige filed a Chapter 13 bankruptcy petition, which stayed the state court foreclosure proceeding against his property. Appellant then commenced an adversary proceeding in the bankruptcy court to determine the nature, extent, and validity of Everbank's mortgage lien against his real property.

On November 5, 2015, with cross-motions for summary judgment pending, the bankruptcy court concluded Everbank physically possessed the original Note endorsed in blank and was therefore entitled to foreclose on Brundige's property. See ECF No. 1 at 32-44 ("Hearing Transcript"). Accordingly, Judge Littlefield denied appellant's motion for summary judgment, granted appellee's cross-motion for summary judgment, and dismissed appellant's adversary complaint. These findings and conclusions were memorialized in a pair of written orders issued the very next day. ECF No. 1 at 20-24. This timely appeal followed.

## III. DISCUSSION

### A. Standard of Review

"District courts have jurisdiction to hear appeals from final judgments, orders, and decrees issued by bankruptcy courts[.]" Alford v. Dribusch, 2014 WL 7243321, at *1 (N.D.N.Y. Dec. 19, 2014) (citing 28 U.S.C. § 158(a)(1)). "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." In re Vincent Andrews Mgmt. Corp., 507 B.R. 78, 81 (D. Conn.

2014) (quoting In re Charter Commc'n, Inc., 691 F.3d 476, 482-83 (2d Cir. 2012)). However, "[a] grant of summary judgment is reviewed de novo by the appellate court." Id. (citation omitted).

The entry of summary judgment is warranted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); see also Anderson, 477 U.S. at 247.

A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248; see also Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact to be decided with respect to any essential element of the claim. Anderson, 477 U.S. at 250 n. 4. The failure to meet this burden warrants denial of the motion. Id. However, in the event this initial burden is met, the opposing party must then show, through affidavits or otherwise, that there is a material issue of fact for trial. Id. at 250.

When deciding a summary judgment motion, a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party. Jeffreys, 426 F.3d at 553. In sum, summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); see

also Anderson, 477 U.S. at 250 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

## B. **Brundige's Appeal**

Brundige argues the bankruptcy court erred in concluding that Everbank is the holder of the Note and therefore possesses standing to foreclose on the associated mortgage. Appellee responds that the bankruptcy court correctly concluded that its continued physical possession of the original Note endorsed in blank confers standing.

"Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" OneWest Bank, N.A. v. Melina, –F.3d–, 2016 WL 3548346, at *6 (2d Cir. June 29, 2016) (quoting Wells Fargo Bank, N.A. v. Rooney, 19 N.Y.S.3d 543, 544 (N.Y. 2015)).

According to Brundige, Everbank failed to demonstrate it was the holder of the Note at issue in this case because it:

> has not produced the original Note or provided any evidence from anyone who has ever seen the original Note. [Everbank] did not provide any evidence to establish physical delivery of the Note into its possession, and there is no statement that [Everbank] has ever been in possession of the original Note . . . . In addition, there is no evidence of an intended transfer of ownership fo the Note from the owner of the Mortgage.

Brundige Mem. at 11.[3]

But as the bankruptcy court noted on the record, Brundige is incorrect. "New York courts have repeatedly held that proof of physical possession . . . is sufficient on its own to

---

[3] Pagination corresponds with CM/ECF.

prove a plaintiff's standing to foreclose on the mortgage associated with the note." OneWest Bank, N.A., 2016 WL 3548346, at *6 (holding lender "had no obligation to provide details pertaining to the transfer or delivery of [debtor's] Note in order to prove its standing to foreclose on the associated mortgage").

To that end, the record before the bankruptcy court reflected three important things. First, a September 9, 2014 affidavit submitted by Edward Cherkezian, a BANA managerial employee, attested that BANA held the original Note endorsed in blank prior to the initiation of the foreclosure proceeding. R. at 26-29. Second, a February 20, 2015 affidavit submitted by Kyra Schwarz, a managerial employee of BANA's foreclosure counsel, attested that her office received the original Note on October 27, 2011 in preparation for the foreclosure proceeding and in fact maintained continued possession of it until August 7, 2014, when it was physically transferred to appellee's legal counsel. Id. at 39-40. Third, a March 30, 2015 affidavit submitted by Pranali Datta, Esq., an attorney for Everbank, attested that her office received the original Note endorsed in blank on August 8, 2014 and that her firm has maintained physical possession of the document on her client's behalf. Id. at 65-66.

As Everbank correctly responds, these submissions establish:

> the physical whereabouts of the Note from May 27, 2005, through and including . . . March 30, 2015 . . . , which of course includes both the date the foreclosure complaint was filed (December 18, 2012) and the date [a]ppellant's Chapter 13 Petition as filed (April 15, 2014).

Everbank Mem. at 14.

Brundige's assertion that Everbank was required to provide some greater level of detail than this in order to support its claim of continued physical possession is also incorrect. See, e.g., OneWest Bank, N.A., 2016 WL 3548346, at *6 (rejecting debtor's claim

- 6 -

that lender should have provided details regarding transfer or delivery of the Note and finding affidavits from bank's corporate representative and legal counsel to be sufficient proof of physical possession to confer standing to foreclose); Eastern Sav. Bank, FSB v. Thompson, 631 F. App'x 13, 16 (2d Cir. 2015) (summary order) ("When a plaintiff demonstrates that upon commencement of the action it possessed a note, indorsed in blank, by way of physical delivery, New York has consistently found the plaintiff to have sufficient interest in the enforcement of the debt to support standing in a foreclosure action."); Eastern Sav. Bank, FSB v. Whyte, 2016 WL 236221, at * 3 (E.D.N.Y. Jan. 20, 2016) ("An affidavit attesting to physical possession of the note prior to commencement of the action is sufficient to establish physical delivery and thus standing.").

In fact, contrary to Brundige's contention, Ms. Datta's affidavit actually provided a measure of further detail—it attested that she had personally reviewed the original Note, had provided a certified copy of the Note as an exhibit to her affidavit, and even offered an *in camera* viewing of the original Note should one become necessary.[4] R. at 65-66; cf. JPMorgan Chase Bank, N.A. v. Hill, 21 N.Y.S.3d 363, 367 (N.Y. App. Div. 2d Dep't 2015) (finding questions of fact existed where affiant's submission lacked any representation "as to how plaintiff actually acquired possession of the original note" or indication "that she [had] examined the original note").

In sum, to defeat Everbank's motion for summary judgment, Brundige at the very least

---

[4] The hearing transcript of the proceedings before the bankruptcy court indicate that Brundige's attorney seemed unaware of these additional details in Ms. Datta's affidavit. See Hearing Transcript at 38-39. In fact, appellant's brief claims in passing that the bankruptcy court's consideration of this affidavit was improper because it was not "filed with the new summary judgment motion papers." Brundige Mem. at 13. But as Judge Littlefield noted on the record, Ms. Datta's affidavit was part of the summary judgment materials before the bankruptcy court. See Hearing Transcript at 39; see also FED. R. CIV. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

needed to identify some evidence in the record to raise a factual dispute regarding the statements introduced through these affidavits. See, e.g., In re Great Atlantic & Pacific Tea Co., Inc., 509 B.R. at 442 ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, or by showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

Instead, Brundige's attorney offered her opinion that these sworn statements were nothing more than suppositions, see Hearing Transcript at 33-34, and now claims "upon information and belief" that the Note was in fact transferred to Fannie Mae "on or before June 30, 2005." Brundige Mem. at 9. But that sort of speculation is insufficient to defeat a properly supported summary judgment motion like the one submitted by Everbank in this case.[5]

As a final matter, Brundige's continued suggestion that the possible separation of the Note and the mortgage at some point in the past somehow renders Everbank's interest invalid is premised on an incorrect statement of the law in New York. See, e.g., Whyte, 2016 WL 236221, at *3 ("Because physical delivery is sufficient to transfer both the note and the attendant right to foreclose, the Court need not address any purported deficiencies in the chain of title."); Aurora Loan Servs., LLC v. Taylor, 12 N.Y.S.3d 612, 615 (N.Y. 2015) ("Once a note is transferred, . . . the mortgage passes as an incident to the note[.]"); Wells Fargo Bank, N.A. v. Charlaff, 24 N.Y.S.3d 317, 319 (N.Y. App. Div. 2d Dep't 2015) (holding that "the validity of either purported assignment of the mortgage . . . [was] irrelevant to the issue of

---

[5] As noted on the record, Brundige never requested *in camera* review of the original Note "supposedly" held by Everbank's counsel. Hearing Transcript at 34-35.

[the lender's] standing"). Accordingly, the bankruptcy court's summary judgment orders will be affirmed.

IV. **CONCLUSION**

Brundige has failed to identify a genuine dispute of material fact that would preclude the grant of summary judgment in favor of Everbank. Accordingly, the bankruptcy court's November 6, 2015 orders will be affirmed.

Therefore, it is

ORDERED that

1. The November 6, 2015 order denying appellant Brundige's motion for summary judgment is AFFIRMED;

2. The November 6, 2015 order granting appellee Everbank's cross-motion for summary judgment is AFFIRMED; and

3. Appellant Brundige's appeal is DENIED.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 22, 2016
 Utica, New York.